UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE EZELL, <br> Plaintiff, <br> v. <br> CITY OF LOS ANGELES, ET AL., <br> Defendants. | Case No. CV 18-6785-DMG-KK <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Eddie Ezell ("Plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a civil rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against numerous defendants in their individual and official capacities. ECF Docket No. ("Dkt.") 1, Compl. As discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

# II.

# **ALLEGATIONS IN COMPLAINT**

On April 26, 2018, Plaintiff constructively filed[1] a civil rights Complaint pursuant to Section 1983 against Los Angeles County District Attorney Jackie Lacey, Prosecutor John Breault, and Detective Michael McCleary ("Defendants") in their individual and official capacities. Dkt. 1, Compl. at 3. Plaintiff alleges Defendants have violated his constitutional rights by knowingly using "false and fabricated" information during his parole proceedings. Id. at 6-7. Plaintiff raises the following ten claims in his Complaint:

1. The state court's denial of Plaintiff's petition for sealing of adult records "was in violation of Plaintiff's procedural due process" because the records are "for charges known to be false", id. at 8 ("Claim 1");

2. "There are constant, unreasonable, arbitrary and contrary actions being taken by prison officials that are depriving Plaintiff of rights under the Federal Constitution's 1st, 8th, [and] Equal Protection and Procedural Due Process clause of the 14th amendment", id. at 11 ("Claim 2");

3. "Plaintiff is challenging that 'every' Parole Board's decision denying parole has been illegal, unfair, contrary, unreasonable, and biased", id. at 14 ("Claim 3");

4. "[O]n January 27, 1981, Prosecutor John Breault and Lead Investigator Michael McCleary prepared and submitted false and malicious documents depriving Plaintiff of his rights secure[d] under the 4th and 14th amendment[s]", id. at 18 ("Claim 4");

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed the Complaint April 26, 2018. Dkt. 1. While the Court received the Complaint on August 8, 2018, for purposes of this Order, the Court deems April 26, 2018 the filing date.

2

5. "On 1/5/81, [Plaintiff] agreed to enter a plea of guilty to 2 counts of first degree murder . . . in exchange for all other charges being dismissed[.] . . . The plea bargain was violated . . . [when] the Probation Officer's Report authored by Prosecutor John Breault and Lead Investigator Michael McCleary . . . contain[ed] false charges and evidence, perjured and fabricated statements, facts and theories violating plaintiff's right to procedural due process, 5th, 6th, and 14th amendments", id. at 22 ("Claim 5");

6. "Plaintiff contends that his constitutional protection against double jeopardy has/is continuously being violated every time he has been prosecuted, recharged, retried, reconvicted and punished for the same crimes that were thrown out or dismissed", id. at 23 ("Claim 6");

7. "Plaintiff contends that sentencing Judge Nancy Watson on 2/10/81 was negligent in her duty thus depriving him of procedural due process of law, 5th, 6th and 14th amendment, specifically, by refusing to have the Probation Officer's Report suppressed and ordering a new report absent false charges that she had previously set aside and that were not previously charged", id. at 25 ("Claim 7");

8. Plaintiff's trial defense counsel Dwight Stevens "failed in his duty to provide zealous [re]presentation in the very adversarial process in multiple ways", id. at 27 ("Claim 8");

9. "Emotional distress [] due to the continuous pressure of having to unsuccessfully defend at 'every' state level against false, dismissed, unproven, uncharged, untried, and unconvicted and disturbing crimes [such that] Plaintiff's circumstances have been made much worse", id. at 28 ("Claim 9"); and,

10. "Plaintiff is challenging the validity of his continued incarceration which constitutes a concrete and continuing injury . . . violating Plaintiff's 5th, 6th, [and] 14th amendment", id. at 31, ("Claim 10").

3

In his request for relief, Plaintiff seeks compensatory and punitive damages, an injunction, and expungement of "'all' references to the dismissed, stricken, false, perjured, deceptive and fabricated charges and evidence from Plaintiff's central file." [2] Compl. at 33.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely

---

[2] To the extent Plaintiff challenges the fact or duration of his confinement, as it appears he is doing in Claims 8 and 10, Plaintiff must file a writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct., 1242, 161 L. Ed. 253 (2005). If Plaintiff seeks to pursue a habeas petition, he must do so by naming as respondent the person who has him in custody. See id.

4

conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

# IV.

# DISCUSSION

## A. THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY DEFENDANTS

### 1. Applicable Law

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

### 2. Analysis

Here, the Court cannot determine from the complaint "who is being sued, [and] for what relief". McHenry, 84 F.3d at 1178. In the caption of the Complaint, Plaintiff lists only the "City/County of Los Angeles" as defendant. See Compl. at 1. Later in the form Complaint, Plaintiff identifies the defendants as Jackie Lacey, John Breault, and Michael McCleary, but does not identify as defendant the "City/County of Los Angeles". Id. at 3. Later, in discussing his allegations, Plaintiff identifies Judge Nancy Watson, his trial counsel Dwight Stevens, a California state court, prison officials, and the Parole Board as defendants. Id. at 8, 11, 14, 25, 27. As a result of this inconsistency, it is unclear who Plaintiff is suing.

Accordingly, the Complaint fails to comply with Rule 10(a). If Plaintiff chooses to file an amended complaint, he must clarify which defendants he is suing. Moreover, assuming Plaintiff intends to sue the various entities and individuals set forth above, as discussed below, Plaintiff fails to state a claim against many of these potential defendants.

///
///
///
///

B.  **THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST THE CALIFORNIA STATE COURT AND PAROLE BOARD**

**1.  Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seeks damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as 'arms of the State.'" Maryland Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 n.8 (4th Cir. 2005) (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) ("[A] State and its 'arms' are, in effect, immune from suit in federal court.")). The California state courts and the Parole Board are entitled to immunity under the Eleventh Amendment. Simmons v. Sacramento Cty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are immune from suit in federal district court); Pennhurst State School, 465 U.S. at 106 (California Parole Board is immune from suit in federal district court).

**2.  Analysis**

Here, Plaintiff appears to sue a California state court and the Parole Board. Compl. at 8, 14. The California state courts and the Parole Board, however, are immune from suit under the Eleventh Amendment. See Simmons, 318 F.3d at 1161; Pennhurst State School, 465 U.S. at 106. Thus, the Eleventh Amendment bars Plaintiff from bringing any claims against the California state court and Parole Board.[3]

---

[3] Additionally, any claims against a state official in their official capacity can only seek declaratory or injunctive relief. See Williams v. Board of Parole Hearings, 2008 WL 4809213, at *2 (C.D. Cal. Nov. 3, 2008) (state officials acting in their official capacity may not be sued for retroactive money damages under the Eleventh Amendment).

## C. PLAINTIFF FAILS TO STATE CLAIMS AGAINST THE CITY OR COUNTY OF LOS ANGELES OR ANY DEFENDANT IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

To state a claim under Section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citations omitted). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

Because no respondeat superior liability exists under Section 1983, a county or municipal actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" (citing Polk Cty. v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981))). A plaintiff must allege facts to establish "that a [city or county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure of the local governmental entity."'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992); see also Ziegler v. Indian River Cty., 64 F.3d 470, 474 (9th Cir. 1995) (noting entity "not liable for acts of [state] officials unless the officials' conduct was the consequence of [state] policy or custom").

8

Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

**2. Analysis**

Here, Plaintiff appears to sue the City or County of Los Angeles and various individual defendants in their official capacity based on the continuing use of an allegedly false report in his parole proceedings. Plaintiff's claims fail, however, because he does not allege facts showing an entity's "policy or custom" that was the "moving force" behind any constitutional violation. See Graham, 473 U.S. at 166. Moreover, Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy, pursuant to which the defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Instead, it appears Plaintiff is alleging a "random act[] or [an] isolated event[]" of conspiracy against him during parole proceedings. See Thompson, 885 F.2d at 1444. Accordingly, Plaintiff's Section 1983 claim against any entity or individual defendants in their official capacity must be dismissed. See Edelman, 415 U.S. at 666-67.

**D. DEFENDANTS LACEY AND BREAULT ARE IMMUNE TO SUIT**

**1. Applicable Law**

"Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). A government attorney has absolute immunity for taking action that only a legal representative could take. See, e.g., Butz v. Economou, 438 U.S. 478, 480, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978) (finding absolute immunity for "functions analogous to

9

those of a prosecutor"); Imbler v. Pachtman, 424 U.S. 409, 410, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (finding absolute immunity for "activities . . . intimately associated with the judicial phase of the criminal process"). "[A]cts undertaken by a prosecutor 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State,' are entitled to the protections of absolute immunity." Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001). Notably, "[t]his immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." Id. Moreover, a prosecutor is protected from liability for damages under Section 1983 "when performing the traditional functions of an advocate." Genzler v. Loganbach, 410 F.3d 630, 636 (9th Cir. 2005).

**2. Analysis**

Here, Plaintiff sues defendants Los Angeles County District Attorney Jackie Lacey and Prosecutor John Breault in their individual capacity. The allegations against Lacey and Breault concern actions taken in their roles as advocates for the State during Plaintiff's parole proceedings. However, prosecutors are "afforded absolute immunity for parole recommendations". Brown v. California Dep't of Corrs., 553 F.3d 747, 750 (9th Cir. 2009). Hence, Plaintiff's claims against defendants Lacey and Breault in their individual capacity for money damages are barred by prosecutorial immunity and must be dismissed. See Ashelman, 793 F.2d at 1078; Genzler, 410 F.3d at 636.

**E. JUDGE WATSON IS IMMUNE FROM SUIT**

**1. Applicable Law**

Judges have absolute immunity to suits for monetary damages for their judicial acts. This immunity applies to state court judges in their individual capacity, under judicial immunity, and official capacity, under Eleventh Amendment immunity. See Antoine v. Beyers, 508 U.S. 429, 435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993) (holding that judges are immune in their individual capacity); Stump v.

1 Sparkman, 435 U.S. 349, 364, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (holding that judges are immune in their official capacity). Moreover, "immunity applies even when the judge is accused of acting maliciously and corruptly". Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) ("[A judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption."). Absolute judicial immunity exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Bradley v. Fisher, 80 U.S. (1. Wall.) 335, 20 L. Ed. 646 (1871); see also Mireles v. Waco, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (upholding absolute immunity for a judge that allegedly ordered excessive force be used in arresting a suspect).

### 2. Analysis

Here, Plaintiff appears to sue Judge Nancy Watson for judicial acts during Plaintiff's 1981 criminal proceeding. Compl. at 25. The Complaint fails to allege facts showing that Judge Watson took nonjudicial actions against Plaintiff, or that Judge Watson's judicial actions were taken in complete absence of all jurisdiction. See Meek v. Cty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."); Ashelman v. Pope, 769 F.2d 1360 (9th Cir. 1985) ("As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity apples."). Hence, the claims against Judge Watson are barred by judicial and Eleventh Amendment immunity. See Antoine, 508 U.S. at 435 & n.10; Stump, 435 U.S. at 364. Thus, Plaintiff's claims against Judge Watson under Section 1983 must be dismissed.

///
///
///
///

## F. PLAINTIFF FAILS TO STATE A CLAIM AGAINST ATTORNEY STEVENS UNDER SECTION 1983

### 1. Applicable Law

A plaintiff seeking to state a claim for civil rights violations under Section 1983 "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A defense attorney in a criminal prosecution, whether retained or appointed, does not act "under color of" state law. Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972).

### 2. Analysis

Here, Plaintiff appears to sue his trial counsel Dwight Stevens. Compl. at 27. Because the allegations concern Stevens' actions taken while he was Plaintiff's defense counsel, attorney Stevens was not acting "under color of" state law. See Szijarto, 466 F.2d at 864. Thus, Plaintiff's claims against attorney Stevens must be dismissed.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. While the Court is skeptical that Plaintiff can remedy the deficiencies set forth above, the Court will grant Plaintiff leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

In amending the Complaint, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it. See Bautista, 216 F.3d at 841. Specifically, Plaintiff should succinctly identify when the alleged harms were committed, who caused the alleged harms, and what actions were committed by each alleged wrongdoer.

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which**

**relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: September 7, 2018

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge